UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,
Plaintiff,
v.
JOHN DOE subscriber assigned IP address 108.253.176.251,
Defendant.

Case No.: 3:26-cv-6310-JLS-JAC

**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Before the Court is Strike 3 Holdings, LLC's (the "Plaintiff") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Application"). ECF No. 4. No Defendant has been served or named at this point. For the reasons discussed below, Plaintiff's Application is **GRANTED**.

## I. BACKGROUND

On November 4, 2026, Plaintiff filed its Complaint for Copyright Infringement (the "Complaint") against Defendant John Doe 108.253.176.251 (the "Defendant"), alleging one count of direct copyright infringement. ECF No. 1. Plaintiff alleges that it is "the owner of award-winning, critically acclaimed adult motion pictures." *Id.* at ¶ 2. Plaintiff further alleges that Defendant, who Plaintiff can only presently identify via Defendant's Internet Protocol address ("IP address") 108.253.176.251, distributed Plaintiff's copyrighted works

using a public BitTorrent protocol without Plaintiff's express or implied consent. *Id.* at ¶¶ 12, 53, 54. Plaintiff alleges that Defendant infringed Plaintiff's copyright at least 41 times by "download[ing], cop[ying], and distribut[ing] Plaintiff's [copyrighted material] without authorization" over an almost 16-month span. *Id.* at ¶¶ 43-47; *see also id.* at Exhibit ("Exh.") A.

On November 16, Plaintiff filed this Application. ECF No. 4. Pursuant to Federal Rule of Civil Procedure 45, Plaintiff seeks leave from this Court to serve a subpoena to Defendant's Internet Service Provider[1] ("ISP") to determine Defendant's true name and address. *Id.*, at 12.

## II. LEGAL STANDARD

"Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f)." *Malibu Media, LLC v. Doe*, No. 16CV1916-GPC (JMA), 2016 WL 6216183, at *1 (S.D. Cal. Oct. 25, 2016) (citing Fed. R. Civ. P. 26(d)(1)). "However, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *QOTD Film Investment, Ltd. v. Doe-72.220.214.236*, No. 16cv759-LAB (JLB), 2016 WL 1324424, at *2 (S.D. Cal. Apr. 5, 2016) (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.3d 637, 642 (9th Cir. 1980))

"Courts in the Ninth Circuit apply the 'good cause' standard in deciding whether to permit early discovery." *Strike 3 Holdings, LLC v. Doe*, No. 17cv2317-JAH (BLM), 2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) (citing *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002)). Such good causes exists "'where the need for expedited discovery, in consideration of the administration of justice,

[1] Plaintiff identifies Defendant's ISP as "AT&T Internet." ECF No. 4, at 1.

outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool*, 208 F.R.D. at 276).

> District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify Doe defendants. First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court. Second, the plaintiff should identify all previous steps taken to locate the elusive defendant to ensure the plaintiff has made a good faith effort to identify and serve process on the defendant. Third, the plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.

*QOTD Film Investment, Ltd.* 2016 WL 1324424, at *2 (citing *Columbia Ins. Co.*, 185 F.R.D. at 578-80) (internal quotations and citations omitted). "'Thus, plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act.'" *Strike 3 Holdings, LLC v. Doe*, 17-cv-2316-GPC-KSC, 2018 WL 324264, at *1 (S.D. Cal. Jan. 5, 2018) (quoting *Columbia Ins. Co.*, 185 F.R.D. at 580).

In addition to this three-factor test, the Court must consider the requirements of the Cable Privacy Act (the "Act"). The Act "generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber." *Strike 3 Holdings*, 2017 WL 6389848, at *1 (citing 47 U.S.C. § 551(c)(1)). "However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order." *Cell Film Holdings, LLC v. Doe – 174.68.74.64*, No. 16cv2584-BEN (BLM), 2016 WL 6523432, at *1 (S.D. Cal. Nov. 3, 2016) (citing 47 U.S.C. § 551(c)(2)(B)). The Act defines a cable operator as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5) (2015).

## III. ANALYSIS

### A. Early Discovery

Courts in this district often find good cause for allowing pre-Rule 26(f) conference discovery when Plaintiff establishes that all three factors laid out in *Columbia Insurance Company* have been met. *See, e.g.*, *QOTD Film Investment, Ltd.* 2016 WL 1324424, at *2 (citing *Columbia Ins. Co.*, 185 F.R.D. at 578-80). As such, the Court must determine whether Plaintiff (1) identified the Doe Defendant with sufficient specificity; (2) whether Plaintiff described all their prior steps to locate the Doe Defendant in good faith; and (3) whether Plaintiff's complaint, as alleged, could withstand a motion to dismiss. *See Columbia Ins. Co.*, 185 F.R.D. at 578-80.

**1. Identification of Missing Party with Sufficient Specificity**

First, "Plaintiff must identify Defendant with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court." *Malibu Media, LLC*, 2016 WL 6216183, at *2 (citing *Columbia Ins. Co.*, 185 F.R.D. at 578.) To identify a Doe defendant with sufficient specificity, a Plaintiff must "provid[e] the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and . . . [use] 'geolocation technology' to trace the IP address to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv186 MMA(RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012).

Plaintiff identifies the Doe Defendant as a real person or entity due to how BitTorrent functions. According to Plaintiff, none of BitTorrent's operations or functions regarding the downloading and disseminating of Plaintiff's copyrighted works "can take place without human interaction." ECF No. 4, at 6; *see also id.*, Exh. C, Declaration of Patrick Paige, ("Paige Decl."), ¶¶ 26-28; *see also id.*, Exh. A, Declaration of Jorge Arco ("Arco Decl."), ¶¶ 89-91. Regarding jurisdiction, Plaintiff initially captured Defendant's IP address through an infringement detection system called the VXN Scan and Cross Reference Tool, which enable Plaintiff "to identify the IP addresses used by individuals

[allegedly] infringing Plaintiff's movies via the BitTorrent protocol." *Id.*, Exh. A, Arco Decl., ¶ 41; *see also id.*, at Exh. D, Declaration of Emilie Kennedy ("Kennedy Decl."); ¶ 4. Once Defendant's IP address was collected, Plaintiff used Maxmind[2] "to trace the Defendant's IP address to a geographic area" in San Diego, California at the time of the alleged infringement. ECF No. 4, at 6; *see also id.*, Exh. D., Kennedy Decl., ¶¶ 5-7.

Due to the nature of BitTorrent's software requiring human intervention and the fact that Plaintiff has provided the Court with Defendant's unique IP address that situates Defendant within this Court's jurisdiction at the time the alleged infringement took place, the Court finds that Plaintiff has shown that Doe 108.253.176.251 is a real person or entity who would be subject to suit in this district.

**2. Previous Attempts to Locate Defendant**

Second, a plaintiff must "describe all prior steps it has taken to identify the Doe Defendant[] in a good faith effort to locate and serve them." *808 Holdings*, 2012 WL 12884688, at *4 (citing *Columbia Ins. Co.*, 185 F.R.D. at 579). Plaintiff states it has "attempted to correlate Defendant's IP address" by searching Defendant's IP address across "various web search tools . . . . and by reviewing numerous [other] sources of authority." ECF No. 4, at 8. Additionally, Plaintiff has discussed locating Defendant with "computer investigators and cyber security consultants," but has been "unable to identify any other way to go about obtaining [Defendant's] identit[y]." *Id.* Plaintiff states that, while an IP address can identify geographic regions, "it [does] not permit Plaintiff to ascertain the identity of the subscriber or actual defendant." *Id.* (quoting *Cobbler Nevada, LLC, v. Doe-68.8.213.203*, No. 15-CV-2729-GPC (JMA), 2015 WL 9026554, at *2 (S.D. Cal. Dec. 15, 2015)). Thus, the Court finds that Plaintiff has adequately described its prior steps in attempting to identify the Defendant in good faith.

---

[2] Maxmind is a geolocation technology that this Court has accepted as a legitimate source for locating a Doe Defendant for the purposes of expedited discovery. *See, e.g., Strike 3 Holdings*, 2017 WL 6389848, at *2.

**3. Ability to Withstand a Motion to Dismiss**

Lastly, Plaintiff must show that its case could withstand a motion to dismiss. *QOTD Film Investment Ltd.*, 2016 WL 1324424, at *3 (citing *Columbia Ins. Co.*, 185 F.R.D. at 579) (citing *Gillespie*, 629 F.2d at 642). "[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)).

Plaintiff alleges it owns the copyright for the works Defendant allegedly infringed. ECF No. 1, at ¶¶ 46, 52; *see also id.* at Exh. A. Plaintiff further alleges that Defendant infringed Plaintiff's copyright by distributing Plaintiff's copyright works via the BitTorrent file distribution network without Plaintiff's prior consent. *Id.* at ¶¶ 17-18, 43-47, 52-54. Based on the allegations in Plaintiff's complaint, the Court finds that Plaintiff has sufficiently alleged the elements for direct copyright infringement to survive a motion to dismiss. *Cell Film Holdings*, 2016 WL 6523432, at *3 (citing *Columbia Ins. Co.*, 185 F.R.D. 579-580).

Since all three factors for expedited discovery have been met, the Court finds that there is good cause for expedited discovery. *See, e.g., Strike 3 Holdings,* 2017 WL 6389848, at *3. As such, the Court hereby **GRANTS** Plaintiff's Application.

**B. Cable Privacy Act**

The Court now turns to the Cable Privacy Act. As previously stated, because the Act allows a cable operator to disclose a Defendant's personally identifiable information if the disclosure is "made pursuant to a court order authorizing such disclosure," Defendant's cable operator may disclose such information to Plaintiff. 47 U.S.C. § 552(c)(2)(B). As such, Plaintiff's Application is **GRANTED**.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application, ECF No. 4, as follows:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45,

on AT&T Internet seeking ***only*** the **<u>true name</u>** and **<u>address</u>** of Doe 108.253.176.251. Plaintiff may not subpoena additional information;

2. Plaintiff shall only use the disclosed information for the purpose of protecting its rights in pursuing this litigation;

3. Within fourteen (14) calendar days of the subpoena being served, AT&T Internet shall notify the subscriber that their identity has been subpoenaed by Plaintiff;

4. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena;

5. If AT&T Internet intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, AT&T Internet must preserve the information sought by Plaintiff pending resolution of the motion or challenge;

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to AT&T Internet. AT&T Internet, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order; and

7. No other discovery is authorized at this time.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Hon. Janet A. Cabral
United States Magistrate Judge